## WILLIAM J. FORT
### v.
## PHILIP McGRATH.

1. COMMON FIELD—STOCK GRAZING.—Where a common field is established by agreement of several, and used for pasture, there can be no liability if the stock of one range on the land of another in such field.

2. TENANTS IN COMMON—HOLDING OVER.—Appellant hired of appellee his right to the pasture for the year 1876.    In 1877, appellant put into the common pasture only his proportion of cattle.    *Held*, that although appellant was the tenant of appellee in 1876, there could be. no holding over in 1877, unless he appropriated appellee's rights and privileges in the pasture for the latter year, by his sufferance, nor could the fact that appellant enjoyed his own rights in the common field, but without claiming to hold the pasture to the exclusion of appellee, be construed into a tenancy by holding over.

APPEAL from the Circuit Court of Marshall county; the Hon. D. McCULLOCH, Judge, presiding.    Opinion filed July 23, 1879.

Mr. FRED S. POTTER, for appellant; that appellant was evicted by the acts of appellee, and hence not liable for rent, cited Hayner v. Smith, 63 Ill. 430; 1 Washburn on Real Property, 311.

The relation between appellant and appellee may be inferred from the circumstances: Harman v. Harman, 61 Me. 222.

A verbal license, until revoked, will excuse the licensee for acts done on account of it: 1 Washburn on Real Property, 313; Kamphouse v. Gaffner, 73 Ill. 453.

Instructions calculated to mislead the jury are erroneous: Coughlin v. The People, 18 Ill. 266.

Messrs. BARNES & MUIR, for appellee; that if a tenant for a year holds over after the expiration of his term, he may be treated as a tenant for another year, cited Schuyler v. Smith, 51 N. Y. 309; Prickett v. Ritter, 16 Ill. 96.

LACEY, J. This case was appealed from a justice of the peace to the Circuit Court of Marshall county, and tried January, 1879, resulting in a verdict and judgment for appellee for $70.

In the Spring of 1875, appellee, appellant, G. L. Fort and the Manahan heirs were the owners of brush and timber pasture land joining, in the following amounts: appellant, 240 acres; appellee, 70 acres; Manahan heirs, 80 acres; G. L. Fort, 64 acres.

Either by agreement or common consent appellant enclosed the land as a common pasture, and in the year 1875, they all used it as such, each one putting in stock in proportion to the amount of land he had; appellant having the use of G. L. Fort's tract.

For the year 1876, appellant by agreement with appellee was to have his right to the common pasture for that year for the amount, afterwards fixed, of $70, which claim was duly paid to appellee by appellant. The claim of appellee is for $70, for the rent of his interest in this common pasture for the year 1877, he claiming that appellant used the pasture as before, for the latter year, and that the law implies a holding over and

an implied agreement to pay the same for the year 1877 as he paid for 1876.

On the other hand, appellant claims that in the fall of 1876, he and appellee settled for the pasture, and he paid him in full; and thinking the rent of $70 too much, told appellee that he "did not want any more of it." He also claims that he did not use appellee's interest in the pasture in the year 1877.

That while in the year 1875 he had thirty-four head of cattle in the common pasture, and in the year 1876 he had fifty-nine head, yet in the years 1877 and 1878 he had in only thirty-five and thirty-six, head respectively, and no one complained that for any of these years he had any more than his due proportion, and that he did not have more than he was entitled to, for the amount of land he had in the common pasture. Appellee claims nothing for use of pasture for 1878. Appellant insists that the court below erred in giving instructions Nos. 2, 3, 5, 6, 7 and 8, as follows:

"2nd. The law is, that if a person rents land for the term of one year, and holds over after the expiration of his term, and uses the land without any new arrangements as to the terms on which he should hold them, the law presumes that it is under the same terms, and upon the same conditions as to the amount of rent, etc., as for the first year; and if he holds over and uses the land, he cannot be heard to say that he is not a tenant and liable to pay rent as for the first year, if the amount of rent was agreed upon for the first year, and the land was used by the tenant during the next year under the same arrangements."

" 3d. If the plaintiff leased the defendant the land for pasture for one year, at the agreed price of $70; and if the defendant when he paid the $70 rent to the plaintiff, complained that the rent was too high, and that he did not want any more of it; still, if nothing more was said or done about it, and if the defendant held over the next year, and used the plaintiff's land as he did the year before, then he would be bound to pay the plaintiff $70 for the next year."

" 5th. The law is, that every man must keep his stock on his

own land, and the plaintiff was not bound to make a division fence to keep defendant's stock off of his land."

"6th. If you find from the evidence, that during the year 1877, the defendant pastured the lands of plaintiff, then in the absence of any special contract, the law implies a promise to pay a reasonable value for the use of the pasture."

"7th. If the defendant used the pasture of plaintiff with the knowledge and consent of the plaintiff, and if there was no agreement as to price, then the law implies a liability to pay what it is reasonably worth."

"8th. The fact, if proven, that the lands of plaintiff and defendant were enclosed in a common field, would not justify the defendant in using the land to the exclusion of plaintiff, and if he pastured the land of plaintiff without any agreement as to its value, then you should in this case, allow the plaintiff what the use of the land was reasonably worth."

The second instruction is simply stating an abstract principle of law, giving the rule of recovery in case of a holding over by a tenant not proper to be given in a case like this. The above instructions, as a series, gave the jury plainly to understand that even if such common field agreement existed, and appellant, after the expiration if his term with appellee, for 1876, had paid him in full for the use of the latter's interest in such common for that year, and had terminated the tenancy by notice, yet, if appellant afterwards put stock into this common, and pastured them, as he did in 1876, he would be bound to pay the same rent as in that year, although he only put in his own rightful number. Again, under these instructions, if there were no holding over, not even then could appellant put his own proper number of cattle, or even any number into the field without fencing his own land separate from appellees. If he did so, and his cattle strayed on the latter's tract of land, the former would be compelled to pay the reasonable use of the pasturage of such land.

By the 8th instruction, the court assumes that appellant pastured the land in the common field to the exclusion of appellee.

Fort v. McGrath.

There is no evidence warranting such an assumption, and the court should not have given it in that form.

The law was improperly given to the jury. It could not be disputed that appellant had pastured thirty-five head of cattle in the common, in the year 1877, nor could it be disputed that they ranged on the seventy acres of land of appellee, nor that appellant had not fenced his land separately from the others. Under the instructions, then, the jury must find for the appellee, and according to the 3d instruction, find the same amount as was paid in the year 1876.

The jury obeyed and found the amount of $70.

The law in the case would be, that were the common field established by agreement or common consent, in manner above set forth, then there could be no liability if the stock of one ranged on the land of another in such field.

There could be no holding over in law of the term of 1876 for the year 1877 by appellant, unless the former appropriated appellee's rights and privileges in the pasture for the latter year by his sufferance.

Nor could the fact that the former only enjoyed his own rights in the common field, without claiming to hold the pasture to the exclusion of appellee, be construed into a tenancy by holding over.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.